ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| ERNESTO RUIZ ROMERO<br><br>Apelante<br><br>v.<br><br>FIRST HOSPITAL PANAMERICANO, INC.<br><br>Apelado | TA2026AP00482 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.:<br>JD2025CV00557<br><br>Sobre:<br>Daños |
|---|---|---|

Panel integrado por su presidenta la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 22 de junio de 2026.

Comparece ante nos el Sr. Ernesto Ruiz Romero, por derecho propio (en adelante el Apelante) mediante un *Recurso de Apelación* instado el 8 de mayo de 2026. En su recurso, nos solicita que revoquemos la Sentencia emitida por el Tribunal de Primera Instancia (en adelante TPI o foro primario) el 13 de abril de 2026, en la cual declaró "Ha Lugar" la Moción solicitando la Desestimación.

Por los fundamentos antes expuestos, se modifica la Sentencia del foro primario en cuanto a que la desestimación sea sin perjuicio y así se confirma. Exponemos el trasfondo factico y procesal que acompaña la presente controversia

## I.

El 13 de agosto de 2025, el Apelante presentó una Demanda *Pro se* (por derecho propio) en daños y perjuicios en contra de First Hospital Panamericano, Inc (en adelante, el "Apelado"). En su escrito señalo que fue ingresado al Hospital producto de una

orden judicial *ex parte*.[1] En su alegato mencionó que fue medicado sin su consentimiento.[2] Además, de que fue "restringido en el proceso sin orden médica, por lo cual constituyo una agresión física".[3] Por último, esbozó que el Hospital no contaba con servicios de psiquiatría forense y psiquiatras autorizados a ejercer la profesión. Por lo cual, constituye una violación a su derecho de la libertad.[4]

El 21 de agosto de 2025, el foro primario emitió una Resolución interlocutoria exponiendo que le brindara el número de caso relacionado a la orden judicial y la fecha de ingreso.[5] El 27 de agosto de 2025, el Apelante mediante una Moción en Cumplimiento de Orden señaló que la fecha del caso "debe ser luego de 2020 a 2021".[6] No obstante, no mencionó el número de caso.

El 17 de septiembre de 2025, el foro primario dictó una Orden en la cual dispuso que:

> Tenga la parte demandante 10 días para: Cumplir a cabalidad con la Orden del 19 de agosto de 2025. La moción en cumplimiento de orden sometida no cumple la misma. Proveer al Tribunal proceso de emplazamiento para su expedición. De no cumplir con la presente Orden, el Tribunal podrá desestimar la presente causa de acción por incumplimiento con las mismas.[7]

El 30 de octubre de 2025, el Apelante formuló una Moción sobre el estado de los procedimientos, en la que reiteró que se expidiera los emplazamientos.[8]

El 31 de octubre de 2025, el TPI mediante una "Orden sobre moción sobre el estado de los procedimientos" expuso que el

---

[1] Véase Ent. Sum. TPI. Núm. 2.
[2] *Íd.*
[3] *Íd.*
[4] *Íd.*
[5] Véase Ent. Sum. TPI. Núm. 5.
[6] Véase Ent. Sum. TPI. Núm. 7.
[7] Véase Ent. Sum. TPI. Núm. 10.
[8] Véase Ent. Sum. TPI. Núm. 11.

Apelante no ha cumplido con las Ordenes emitidas.[9] Por lo cual, determinó que carece de los conocimientos mínimos y lo descalifica para auto representarse. [10] Asimismo, le concedió un término de treinta (30) días para comparecer con abogado.[11]

El 8 de diciembre de 2025, se diligenció el emplazamiento correspondiente.[12]

El 9 de diciembre de 2025, el foro primario emitió una Orden en la que se dispuso que "[s]e aprueba la solicitud de litigación in *forma pauperis*. Favor de asignar un abogado de oficio".[13] No obstante, el 29 de enero de 2026, también emitió otra Orden en la que se le informó que el tribunal no le podía asignar un abogado de oficio, dado a que "[l]a asignación de oficio no se extenderá a los procedimientos judiciales en los que el abogado o la abogada pueda recibir compensación mediante honorarios contingente o de alguna otra manera".[14]  Además, de que tenía un término de treinta (30) días para notificar su representación legal.[15]

El 13 de febrero de 2026, el Apelante presentó una Moción de Reconsideración y solicitud de *guardian ad* litem conforme a la Regla 15 de Procedimiento Civil.[16]  Asimismo, en la fecha antes mencionada presentó una Moción para que se le anotara la Rebeldía a la parte Apelada.[17] El 3 de marzo de 2026, el foro primario declaró "No Ha Lugar" la Moción de Rebeldía. [18] Además, también declaró "No Ha Lugar" a la Moción de Reconsideración.[19] Reiterando que el Reglamento de Oficio no dispone para

---

[9] Véase Ent. Sum. TPI. Núm. 12.
[10] *Íd*.
[11] *Íd.*
[12] Véase Ent. Sum. TPI. Núm. 19.
[13] Véase Ent. Sum. TPI. Núm. 17.
[14] Véase Ent. Sum. TPI. Núm. 21.
[15] *Íd*.
[16] Véase Ent. Sum. TPI. Núm. 22.
[17] Véase Ent. Sum. TPI. Núm. 23.
[18] Véase Ent. Sum. TPI. Núm. 25.
[19] Véase Ent. Sum. TPI. Núm. 26.

representación de demandantes en casos de daños y perjuicios.[20] En lo que respecta a la solicitud de *guardian ad litem*, también la declaró "No Ha Lugar".[21]

El 19 de marzo de 2026, el Apelante presentó una Moción sobre Regla 13.1 y 13.3 *with authorization.*[22] En esta moción estableció que no había criterio clínico para internarlo, por lo cual se configura una causa de acción de responsabilidad extracontractual. El foro primario mediante Orden autorizó la enmienda a la Demanda.[23]

El 25 de marzo de 2026, el Apelado presentó una Moción al amparo de la regla 10.4 de Procedimiento Civil para solicitar una exposición más definida.[24] Debido a que, no se habían incluido en la demanda, como en la demanda enmendada las "fechas exactas, incluyendo día mes y año, en que supuestamente ocurrieron los hechos objeto del reclamo". [25]

El 10 de abril de 2026, el Apelado formuló una Moción solicitando la desestimación con perjuicio de la demanda por incumplimiento contumaz, reiterado e injustificado de las órdenes de este honorable tribunal por la parte demandante. [26]

El 13 de abril de 2026, el foro primario emitió su Sentencia en la cual declaró "Ha Lugar" la moción de desestimación con perjuicio.[27] El 24 de abril de 2026, el Apelante presentó su Moción de Reconsideración,[28] la cual fue declarada "No Ha Lugar" mediante una Resolución el 27 de abril de 2026.[29]

---

[20] *Íd.*
[21] Véase Ent. Sum. TPI. Núm. 28.
[22] Véase Ent. Sum. TPI. Núm. 30.
[23] Véase Ent. Sum. TPI. Núm. 32.
[24] Véase Ent. Sum. TPI. Núm. 36.
[25] *Íd*.
[26] Véase Ent. Sum. TPI. Núm. 40.
[27] Véase Ent. Sum. TPI. Núm. 41.
[28] Véase Ent. Sum. TPI. Núm. 46.
[29] Véase Ent. Sum. TPI. Núm. 49.

Inconforme con esta determinación, el 8 mayo de 2026, el Apelante presentó un Recurso de Apelación ante esta curia y realizó los siguientes señalamientos de errores:

1. Err[ó] el tribunal Elizabeth A. Rice Dilme Juez, al desestimar la demanda con perjuicio basada en la moción del demandado que contiene hechos de violaciones de órdenes del Tribunal representados falsamente, porque se justificó la petición de *guardian ad litem* la cual el Tribunal no denegó, sino que pospuso su determinación final y tampoco se incumplió la Regla 8. 4 de Procedimiento Civil por que se cumplió la misma 3 veces y radicadas en el tribunal dentro del tiempo para comparecer.

2. Erró el Tribunal porque sus determinaciones de hechos no se ajustan a incumplimiento del Sr[.] Ruiz con las órdenes del Tribunal si no un mismanagement del secretario que recibe mociones y el que les entrega como mensajero, el Sr[.] Ruiz evidenci[ó] que cumplió todas las órdenes del Tribunal.

3. Sobre la Regla 9.4 el Sr. Ruiz demostró al Tribunal que cumplió sus órdenes. Anejando el *summons*, solicitando se expidiera el *summons* reiteradamente, notificando las fechas e indicándole al tribunal usted medio 5 días para cumplir las órdenes judiciales. Las órdenes del 19 y 20 [de] agosto se refieren a una misma orden, no ordenes apartes y la del 17 de septiembre se cumplió, con anejos.

4. Err[ó] el TPI al brindar Abogado y luego quitar el beneficio bajo una errada interpretación de derecho insostenible.

5. Err[ó] el TPI porque en este caso nunca se presentó una moción de desestimación sobre regla 10.5 *fail to state a claim* y previo a desestimar una demanda que el demandado no ha impugnado con un memorando de derecho, requiere notificación del tribunal para cumplir su orden.

6. Erró el TPI porque el Sr. Ruiz cumplió con la Regla 10.4 de Procedimiento Civil 3 veces consecutivas. Por lo cual[,] si el demandado no lee el expediente no puede impugnar el expediente.

7. Erró el TPI porque a sabiendas que todos los escritos se presentan por mensaje dio un t[é]rmino de 10 d[í]as a sabiendas que el mensaje no tiene t[é]rminos para entregar la moción y una vez radicada el Tribunal al cerciorarse de su forma o su deber [inentendible] es reconsiderar porque es el récord quien refleje el cumplimiento de sus órdenes.

7.1 El Tribunal Supremo de Puerto Rico no revocó que las personas *in forma pauperis* no se le asignara un abogado de oficio, de hecho, el Tribunal Supremo resuelve la igualdad procesal.

8. Erró el Tribunal al no asignar [inentendible], no proveer un acomodo razonable y violentar la ADA de 1990 Titulo II.

9. Err[ó] el Tribunal al no solicitar la intervención de algún procurador de personas incapacitadas o asignar

un abogado de la lista de voluntarios, lo cual este caso representa una violación de acceso a la corte.

10. Err[ó] el Tribunal al desestimar la demanda con perjuicio, cuando la ley no autoriza a que se desestime una demanda con perjuicio con personas incapacitadas o en necesidad de un *guardian ad litem*.

11. Err[ó] el Tribunal por que la Regla 50 o 51 de [P]rocedimiento [C]ivil de [PR], provee que una sentencia en vinculación al Título 2 de la Ley ADA es [inentendible] m[á]xime si se est[á] hablando al [inentendible] del [ú]nico método de asignar guardian ad litem que es la persona tenga problemas para desempeñarse y comunicarse y que se afecte sus funcionalidades y comunicación.

12. Err[ó] el Tribunal al no anotar la Rebeldía sin el demandado justificar su tardanza de más de 60 días desde que le [emplazaron], demostrándose tanta preferencia cuando [se] litiga pro se v. abogados.

13. Err[ó] el Tribunal al denegar la moción de Reconsideración, donde no adjudico todos sus 15 anejos que evidencia el [inintendible] de los deberes del Tribunal y no trasladar a asuntos de familia el referido que se debe hacer en estos casos y cuando tiene disponible la Regla 15 de Procedimiento Civil donde se [inentendible] al Sr Ruiz y se determine si puede con sus problemas de funcionalidad conseguir el litigio de forma pro se.

14. Err[ó] el Tribunal por que el C[ó]digo Civil no exige ninguna ley [inentendible] que la persona sea incapaz total para que se le conceda *Guardian ad litem* incluso las leyes de personas con condiciones de salido han sido [inentendible] para poder que personas puedan beneficiarse de ellas y no solamente los que son totalmente incapacitados.

## II.

**A. Reglamento para la asignación de abogados y abogadas de oficio de Puerto Rico.**

La Regla 2 del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico (en adelante "el Reglamento") tiene como propósito el:

> Implementar un sistema para la administración uniforme de las asignaciones de oficio en los procedimientos de naturaleza civil y penal aplicables, el cual fomentará el trabajo *pro bono* y hará viable el cumplimiento de todo abogado y de toda abogada con

su responsabilidad ética de ofrecer servicios legales libre de costo a persona indigentes.[30]

La Regla 5 inciso (b) del Reglamento, *supra* establece un listado de doce (12) instancia en materia de naturaleza civil en donde aplicara la designación de un abogado de oficio. Ahora bien, esta lista no es una taxativa, si no que según el inciso (c) de la Regla 5 el Tribunal tiene discreción para designar abogados de oficios en procedimientos judiciales que no sea uno de los enumerados en el inciso (b). No obstante, el inciso (c) expresamente hace una exclusión en procedimientos judiciales cuya causa de acción el abogado pueda devengar honorarios continentes como lo sería una acción de daños y perjuicios. En específico la regla establece que "*[l]a asignación de oficio no se extenderá a procedimientos judiciales en los que el abogado o la abogada pueda recibir compensación mediante honorarios contingentes o de alguna otra manera*". (Énfasis suplido).

### B. Defensor Judicial.

El defensor judicial es un "tutor especial nombrado por el tribunal para que represente a un incapacitado o a un menor en un pleito especifico". *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 487 (2019). Este nombramiento surge del poder de *parens patriae* que tiene el estado y cuyo único fin es asegurar el bienestar de los menores e incapacitados. *Crespo v. Cintron*, 159 DPR 290, 300 (2003).

La Regla 15.2 de Procedimiento Civil, 32 LPRA Ap. V, faculta a los tribunales para nombrar un defensor judicial que represente a una *persona incapacitada judicialmente* en una causa de acción

---

[30] Reglamento para la Asignación para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico del 12 de otubre de 2018, 4 LPRA Ap. XXXVIII.

cuando lo juzgue conveniente o esté dispuesto por ley. *Íd*., pág. 489. La Regla textualmente en su inciso (a) indica lo siguiente:

> *Un o una menor deberá comparecer por medio de su padre o madre con patria potestad o, en su defecto, por medio de su tutor o tutora general. Una persona mayor de edad o emancipada que esté judicialmente incapacitada deberá comparecer por medio de su tutor o tutora general. Sin embargo, el tribunal podrá nombrarle un defensor o una defensora judicial a cualquier menor o persona incapacitada judicialmente siempre que lo juzgue conveniente o esté dispuesto por ley*.

La determinación de nombrar un defensor judicial no es una obligatoria si no que es de carácter discrecional. *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 160 (2000). El nombramiento de un defensor judicial será provisto cuando exista una parte que tenga un interés opuesto en determinados bienes con aquella persona que sea menor de edad o incapaz. *Crespo v. Cintron*, *supra*, pág. 301.

**C. Moción para solicitar una exposición más definida.**

La Regla 10.4 de Procedimiento Civil establece que:

Si una alegación contra la cual se permita una alegación responsiva es tan vaga o ambia que no sería razonable exigirle a una parte que formule una alegación responsiva, dicha parte podrá solicitar una exposición más definida antes de presentar su alegación responsiva. La moción deberá estar debidamente fundamentada y señalará defectos de la alegación y las especificaciones interesadas. Si el tribunal declara "con lugar" la moción y no se cumple la orden dentro de diez (10) días de notificada, o dentro de cualquier otro plazo que fije el tribunal, este podrá eliminar la alegación contra la cual iba dirigida la moción o resolver lo que en justicia proceda.

**D. Moción de desestimación.**

La Regla 39.2 (a) de Procedimiento Civil, 32 LPRA Ap. V, establece sobre la desestimación que "[s]i demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá

decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda".

### E. Rebeldía

Según el tratadista Hernández Colon la rebeldía "es la posición procesal en que se coloca a la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir un deber procesal". R. Hernández Colon, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6.ª ed. rev., San Juan, Ed. Lexis Nexis, 2017, pág. 327. El fin de este mecanismo procesal es evitar la demora como estrategia de litigación. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 588 (2011).

La Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V. expone sobre la Rebeldía lo siguiente:

> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.
>
> El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3 (b)(3).
>
> Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45. 2(b). La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

Por otro lado, la Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, dispone que la Rebeldía se puede dejar sin efecto. En específico la regla establece que "[e]l tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2." Nuestro máximo foro en *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 592 (2011) expuso que la antes mencionada regla en torno a se deje sin

efecto una anotación de rebeldía, *se debe interpretar de una manera liberal*, adjudicándose cualquier duda en favor de que se deje sin efecto la anotación. Por último, la rebeldía constituye un mecanismo procesal que es carácter *discrecional*. (Énfasis suplido). *Íd.*, pág. 591.

## III.

Los señalamientos de error uno, ocho, nueve, diez, once, trece y catorce (1,2,8,9, 11, 13 y 14) se atenderán conjuntamente por estar estrechamente relacionados. En resumidas cuentas, los errores giran en torno a que erró el foro primario al no designar un defensor judicial por ser este una persona alegadamente incapacitada. No le asiste la razón.

La Regla 15.2 de Procedimiento Civil expresamente establece que se podrá designar un defensor judicial a una persona que *este incapacitada judicialmente.* (Énfasis suplido). Del expediente no surge que exista una sentencia de incapacitación. El mero hecho de que una persona tenga una incapacidad no cumple el crisol para que se le designe un defensor judicial. Esta incapacidad tiene que ser reconocida según la Regla 15. 2 de Procedimiento Civil por un tribunal. Además, de proceder la designación de este nombramiento se da en el contexto de que una parte en el pleito tenga un interés opuesto al incapaz, para que el estado mediante su poder de *parens patriae* pueda designar un defensor judicial. En el caso de marras, tampoco existe un interés opuesto, sino que, ante la falta de poder obtener un abogado de oficio para un pleito contencioso, el Apelante busca que se nombre un defensor judicial para que se pueda llevar a cabo su causa de acción.

Los señalamientos de error dos, tres y seis por estar estrechamente relacionados se analizarán conjuntamente. El apelante, en síntesis, expone que cumplió con todas las ordenes que emitió el foro primario. No le asiste la razón.

Según se desprende del expediente en múltiples instancias el Apelante hizo caso omiso a las órdenes del tribunal. El 21 de agosto de 2025, el foro primario emitió una Orden en la que se dispuso que se indicara el número de caso relacionado a la orden judicial de ingreso involuntario y la fecha de egreso. El 27 de agosto de 2025, mediante una Moción en cumplimiento de Orden, el Apelante no señaló cual fue el número de caso y en cuanto a las fechas se limitó alegar que pudo ser en el 2020 o 2021. El 17 de septiembre de 2025, el Tribunal nuevamente emitió una Orden reiterando que se cumpliera con la Orden del 21 de agosto de 2025. El Apelante nuevamente incumplió y llevo a que el foro primario lo descalifique para auto representarse. Por lo cual, claramente el Apelante no cumplió a cabalidad con las órdenes emitidas por el foro primario.

Destacamos, que el Apelante tampoco cumplió con la moción presentada el 25 de marzo de 2026 por el Apelado para una exposición más definida, en la que se solicitaba las fechas exactas, incluyendo día, mes y año en que ocurrieron los hechos. Por consiguiente, correspondía que se llevara a cabo la desestimación de la demanda.

Los señalamientos de error cuarto y siete punto 1 plantean que erró el foro primario en designar un abogado y luego quitarlo bajo una errada interpretación de derecho. No le asiste la razón. El Reglamento de Abogados de Oficios es claro. Las causas de daños y perjuicios no es una de las instancias en la cual se pueda solicitar un abogado de oficio. Asimismo, la Regla 5 inciso (c)

claramente excluye la designación de abogados de oficios en procesos judiciales que puedan devengar honorarios contingentes como los son los casos de daños y perjuicios.

El quinto señalamiento de error del Apelante se centra en cierta contradicción, debido a que señala que no se presentó una moción de desestimación, pero, que previo a desestimar se tenía que notificar la misma. No le asiste la razón. Desde el 17 de septiembre de 2025, el Tribunal le ha expresado al Apelante que "de no cumplir con la presente Orden, el Tribunal podrá desestimar la presente causa de acción por incumplimiento con las mismas".

Según la Regla 39.2 (a) de Procedimiento Civil, 32 LPRA Ap. V. el Tribunal puede desestimar una demanda "[s]i el demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda".

Por consiguiente, estaba dentro de las facultades del foro primario poder emitir la Sentencia de desestimación con perjuicio ante el incumplimiento del apelante con las órdenes del tribunal.

El duodécimo señalamiento de error del Apelante expone que erró el Tribunal al no anotar la rebeldía habiendo transcurrido sesenta (60) días desde que se le emplazaron. No le asiste la razón. El Tribunal en su discreción no anotó la rebeldía aunque habían transcurrido el término para presentar la alegación responsiva. En nuestro ordenamiento jurídico existe una política judicial de que los casos sean ventilados en los méritos.

**IV.**

Por los fundamentos antes expuestos, se modifica la Sentencia del foro primario en cuanto a que la desestimación sea sin perjuicio y así se confirma.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones